UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

WENDY TORRES

     Plaintiff

v.

DYNIA AND ASSOCIATES LLC
f/k/a BUDZIK & DYNIA LLC

     Defendant
_____/

## **COMPLAINT**

### JURISDICTION and PARTIES

1.    This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), §Fla. Stat. 559.72.

2.    This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3.    Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4.    Plaintiff, WENDY TORRES is a natural person residing at all relevant times in Broward County, Florida.

5.    Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.    Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.    Defendant DYNIA AND ASSOCIATES LLC is a Florida foreign corporation with its principle place of business in Chicago, IL, and is in the business of collecting

consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in Florida. Defendant is a law firm in Illinois, but has no known licensed attorneys in the State of Florida who are members of said firm. Defendant is not a licensed collection agency in the State of Florida.

8.    Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9.    Defendant is a debt collector and/or consumer collection agency, as defined in Fla. Stat. §559.55(6) and (7) or otherwise is obligated to comply with the provisions of Fla. Stat. §559.72.

### FACTS

10.    On or around October 7 2011 Defendant sent and thereafter Plaintiff received, a collection or "dun" letter, attached hereto as Exhibit A, seeking to collect debt allegedly incurred by the Plaintiff.

11.    The debt which Defendant sought to collect is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1).

12.    Exhibit A is from the Defendant, a law firm, on Defendant's letterhead. Exhibit A states that:

> "...our client has given us complete discretion in determining whether to pursue this account through legal remedies in the event a voluntary resolution is not reached. Therefore, if a resolution is not reached in a timely manner our senior litigation counsel will review your file and determine whether or not to escalate the account and commence litigation on behalf of our client in the proper venue."

13.    Exhibit A thus suggests, and implies, and the least sophisticated consumer would believe, that an attorney had reviewed the matter and rendered legal

2

advice to the attorney's client, that an attorney had controlled or supervised management of the matters in the letter, that an attorney had formed a legal opinion about the matters therein, and that an attorney was prepared to and had authority to bring a lawsuit against the Plaintiff at any time, and that the Defendant had the present intention to do so.

14.    However, in fact, none of the above is actually true, and all the above statements are false and misleading, as there was in fact no meaningful attorney involvement with the matters in Exhibit A or Exhibit A itself. Furthermore and additionally, Exhibit A explicitly admits that the Defendant in fact has done none of the above, stating that "...no attorney at this law firm has reviewed the particular circumstances of your account..."

15.    Thus, Exhibit A looks and says those things that a "traditional" attorney letter would say, including threats and verbiage that a consumer would associate with an attorney, while at the same time, in a confusing and contradictory and misleading manner, disavowing the involvement of any attorneys.

16.    Defendant, through Exhibit A, attempts to utilize the fear and natural concern by consumers upon receipt of attorney "demand letters," which contain explicit references to lawsuits and the consequences thereof, even though in fact no actual attorney review has been performed.

17.    The misleading, contradictory, and confusing nature of Exhibit A is not remedied by the attempt to disavow any attorney involvement in Exhibit A, given that the disclaimer of attorney involvement is completely overshadowed by the language in Exhibit A.

18.    Furthermore, Defendant has falsely stated in Exhibit A that it intends to consider a lawsuit when in fact it could not possibly have such an intention. If, in fact, "no attorney at this law firm has reviewed the particular circumstances" of the Plaintiff's account as is stated in Exhibit A, then Defendant did not have the present intent to take any of the legal actions listed in Exhibit A. Defendants additionally are not licensed in Florida, either as attorneys nor as collection agents. Defendants in fact had no intention of ever commencing litigation.

19.    Exhibit A furthermore states:

**"Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt or any portion thereof, within thirty days of the receipt of this letter we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect we will as required by law obtain verification of the debt or any related judgment against you and mail such documentation to you."**

20.    Section 15 U.S.C. §1692g(a)(3) and (4) state, in relevant part:

(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

....
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

21.     Exhibit A thus violates 15 U.S.C. §1692g(a) by falsely stating that the consumer must provide a "statement" that the debt is disputed, which misleads or confuses a consumer to believe that in order to dispute the validity of a debt, a writing to the Defendant must be provided.

22.     Exhibit A furthermore does not state that the written request for verification pursuant to Section 1692g(a)(4) must be done by the consumer within thirty days of receipt of the correspondence. Exhibit A does not state that a written dispute must be received in order to preserve the consumer's right to written verification of the debt as stated in Section 1692g(a)(4).

23.     Exhibit A was the Defendants' initial communication to the Plaintiff or was sent to Plaintiff within five days of Defendants initial communication to Plaintiff.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. §1692g

24.     Plaintiff realleges and reavers paragraphs 1-23 as if fully set forth herein.

25.     The allegations herein constitute violations of 15 U.S.C. §1692g(a)(3) and (4) as more fully set forth above.

26.     As a result of the violations herein, the Plaintiff is entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT II – VIOLATION OF THE FDCPA – 15 U.S.C. §1692e

27.     Plaintiff realleges and reavers paragraphs 1-23 as if fully set forth herein.

28.     The allegations herein constitute false and misleading representations in violation of:

a) 15 U.S.C. §1692e in that the allegations above all constitute false and misleading representations and deceptive means, taken in an effort to collect the debt from the Plaintiff;

b) 15 U.S.C. §1692e(3) in that Exhibit A misleadingly suggests it is from an attorney when in fact as alleged above no attorney has meaningfully reviewed the matters contained therein;

c) 15 U.S.C. §1692e(5) in that Exhibit A threatens, suggests, implies, or can be interpreted that legal action is being considered when in fact such action could not legally be taken and/or was not intended to be taken;

d) 15 U.S.C. §1692(10) in that the allegations above all constitute false representations and deceptive means, taken in an effort to collect the debt from the Plaintiff;

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT II – VIOLATION OF THE FCCPA

29.     Plaintiff realleges and reavers paragraphs 1-23 as if fully set forth herein.

30.     Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not exist.*[emphasis added]

31.     Fla. Stat. §559.72(10) and (11), respectively, make it prohibited collection activities to:

Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

Communicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare.

32.     Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

33.     Defendant knowingly and intentionally made the statements contained in Exhibit A, knowingly and intentionally sent said letter to the Plaintiff, and allowed or otherwise consented to letters such as Exhibit A to be sent from Defendant's office on Defendant's letterhead. Defendants were at all times aware that they were not licensed in Florida nor authorized to take the actions threatened in the correspondence.

34.     Defendants violations were of such frequency, persistence, and were intentional such that the Court should award additional statutory damages pursuant to Fla. Stat. §559.772(2).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorneys fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

DATED this ⁀ day of September 2012

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com



**BUDZIK & DYNIA, LLC**
**Attorneys at Law**
4849 N. Milwaukee Avenue
Suite 801
Chicago, IL 60630

Licensed Attorneys in:

| | | |
|---|---|---|
| Arizona | Illinois | New Jersey |
| Arkansas | Maine | New York |
| California | Massachusetts | Pennsylvania |
| Connecticut | Michigan | Tennessee |
| Florida | Minnesota | Utah |
| Idaho | Mississippi | Wisconsin |
| Iowa | Nevada | Wyoming |

| BDL # | Original Creditor | Current Creditor | Original Account # | Current Balance | Settlement Offer |
|---|---|---|---|---|---|
| 534076 | ASPIRE CARD | Jefferson Capital Systems, LLC | ████████████████ | $724.19 | $434.51 |

Phone: 773-902-1130 • Toll Free: 888-322-1296
Fax: 773-482-6200 • Web: www.budzikdynia.com



Wendy Torres
████████████████
████████████████

7985

October 07, 2011

Dear Wendy Torres:

Your Account has been placed with our office to seek a voluntary resolution with you for the Total Amount Due on your account. Accordingly, if you want to resolve this matter, we are offering a **limited time opportunity** for you to resolve your Current Balance of **$724.19 for only $434.51!!!** (unless it has already been paid). If you cannot pay the amount due today, please call us at 1-888-322-1296 to discuss further arrangements.

Please note that no attorney with this firm has personally reviewed the particular circumstances of your account at this time. However, our client has given us complete discretion in determining whether to pursue this account through legal remedies in the event a voluntary resolution is not reached. Therefore, if a resolution is not reached in a timely manner, our senior litigation counsel will review your file and determine whether or not to escalate the account and commence litigation on behalf of our client in the proper venue.

Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you. And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty day period before pursuing their contractual rights against you to collect this debt. If, however, you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

Our client may provide information to credit bureaus about an insolvency, delinquency, late payment, or default in your account to include in your credit report as allowed by law.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

***detach below and return in the enclosed envelope with your payment***

4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

| We accept the following Or call to make a payment 888-322-1296 | ☐ VISA ☐ ☐ |
|---|---|
| Card Number | Expiration Date |
| Cardholder Zip Code | Last 3 Digits on the BACK of Card | Verification Code |
| Cardholder's Signature | |
| Contact Number | Payment Amount $ |

*Please note that a 3% credit card processing fee will be applied to your payment amount in all states except: CT, ID, MA, MN, WA, and WI.

**We do not accept credit cards in the state of Colorado**

| BDL# | Current Balance | Settlement Offer |
|---|---|---|
| 534076 | $724.19 | $434.51 |



Wendy Torres
████████████████
████████████████

Make your check or money order payable to:
Budzik & Dynia, LLC
4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630